UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UPFROG, LLC,

    Plaintiff,

v.                                            Case No. 8:23-cv-1967-WFJ-NHA

GUARANTEED QUOTES, LLC,

    Defendant.
_____/

## **ORDER**

    Plaintiff's motions for Default Judgment and Permanent Injunctions against Guaranteed Quotes, LLC, Frantz Simeon II, Kenneth Coleman, and Desiree Gladdue (Docs. 25, 30, 32) are denied without prejudice.

    On August 21, 2023, Plaintiff Upfrog, LLC, filed this action for misappropriation of trade secrets against Defendants. Doc. 1. Plaintiff served each Defendant. Doc. 14. After Defendants failed to timely respond, Plaintiff moved for entries of Clerk's default under Federal Rule of Civil Procedure 55(a). Docs. 16, 19, 23. The Court granted those motions (Docs. 17, 20, 29), and the Clerk entered default against each Defendant (Docs. 18, 21, 22, 31).

    Now, Plaintiff brings motions for entry of final default judgment under Rule 55(b)(2). Docs. 25, 30, 32. But Plaintiff's motions fail to comply with the

Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules.

First, the Middle District of Florida's Local Rules dictate that a motion include "a legal memorandum supporting the request." M.D. Fla. R. 3.01(a). Federal Rule of Civil Procedure 7 similarly demands that a motion "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7 (b)(1)(B).

Here, Plaintiff merely cites Rule 55(b)(2) and asserts without elaboration that it is entitled to default judgment. But Plaintiff is not entitled to entry of a default judgment merely because a Clerk's default has been entered against Defendants. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Rather, Plaintiff must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that (1) the Court has jurisdiction over this case, and (2) each Defendant is liable for the alleged violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. *Id.*; *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (a court must establish jurisdiction before rendering a judgment).

Additionally, Local Rule 1.08(a) sets forth typography requirements, including that the main text of a document be double spaced. Two of Plaintiff's

default judgment motions (Docs. 30, 32) fail to comply the spacing requirements.

Accordingly, Plaintiff's motions for default judgment (Docs. 25, 30, 32) are **DENIED WITHOUT PREJUDICE**.

Plaintiff is granted leave to file a Motion for Default Judgment against all Defendants on or before March 1, 2024, that comports with the Local and Federal Rules. In its motion, Plaintiff shall provide at least three dates of availability in late-March or early-April for oral argument on its motion and an evidentiary hearing on damages.

**ORDERED** on February 2, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge